UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CAROLYN SUE BELL,                    ) | |
|     Plaintiff,             ) | |
|                                ) | |
|     vs.                        ) | 1:08-cv-1154-RLY-TAB |
|                                ) | |
| REGIS CORPORATION, SMART STYLE    ) | |
| FAMILY HAIR SALON DIVISION,          ) | |
|     Defendant.            ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS**

**I.     Introduction**

Plaintiff commenced this action over a year ago and has since done next to nothing to respond to discovery or move her case forward. The Magistrate Judge recommends that the case be dismissed with prejudice under Federal Rules of Civil Procedure 37(b)(2) and 41(b).

**II.    Background**

Carolyn Sue Bell filed the complaint in this action on August 28, 2008. Since last August, Bell has violated numerous court orders and has failed to participate meaningfully in discovery. These failures include the following:

• *Failure to serve initial disclosures.* The Case Management Plan directed Bell to serve initial disclosures under Federal Rule of Civil Procedure 26 on or before March 3, 2009. [Docket Nos. 18–19.] Bell did not meet this deadline. On June 29, Bell filed "Disclosures," [Docket No. 34] but these were insufficient. On July 16, the Court ordered Bell to supplement her insufficient initial disclosures within 20 days. [Docket No. 36 at 1.] To date, Bell has not supplemented her initial disclosures.

• *Failure to file preliminary witness and exhibit lists.* The CMP directed Bell to file

preliminary witness and exhibit lists on or before April 3, 2009. [Docket Nos. 18–19.] Bell did not meet this deadline. On July 16, the Court ordered Bell to file her preliminary witness and exhibit lists within 20 days. [Docket No. 36 at 2.] To date, Bell has not done so.

- *Failure to respond to Regis's discovery requests.* On April 1, Defendant Regis Corporation served on Bell a first set of interrogatories and requests for production of documents. [Docket No. 30 (Ex. D).] Bell did not respond to these discovery requests or to Regis's multiple efforts to obtain her responses. [Docket Nos. 26 (Exs. A–B), 30 (Exs. A–D).] On July 16, the Court ordered Bell to respond to the April 1 discovery requests within 20 days. [Docket No. 36 at 2.] To date, Bell has not responded. Bell's failure to respond to Regis's discovery requests necessitated the cancelling of Bell's deposition. [Docket No. 30 (Exs. A–B).]

- *Failure to provide documentation of damages.* On July 16, the Court ordered Bell to provide Regis with a computation of damages and a copy of any material on which the computation was based. [Docket No. 36 at 1.] Although Bell provided a rough computation of damages, [Docket No. 34 at 2] she has not documented her computation.

The July 16 order warned Bell that "**failure to comply with this Order will result in the recommendation that this action be dismissed** pursuant to *Federal Rules of Civil Procedure* 37(b) and/or 41(b)."[1] [Docket No. 36 at 2.]

---

[1] Bell changed addresses since the beginning of this action, and the July 16, 2009, order was not mailed to Bell's most current address. [Docket Nos. 25, 36 at 3.] However, Bell participated in the July 10, 2009, telephonic status conference at which the orders were issued, and Regis's motion to dismiss was sent to Bell's most current address.

On August 10, 2009, Regis filed its motion to dismiss Plaintiff's complaint for failure to comply with a court order, failure to provide initial disclosures, and/or for want of prosecution. [Docket No. 37.] Bell did not respond to Regis's motion to dismiss.

**III.     Discussion**

Federal Rule of Civil Procedure 37(b)(2) provides:

> If a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders. They may include the following: . . . dismissing the action or proceeding in whole or in part . . . .

Dismissal under Rule 37(b)(2) is appropriate when a plaintiff fails to comply with a discovery order and that failure results from willfulness, bad faith, or fault. *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997)). Rule 41(b) permits the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven effective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). Because dismissal under either rule is a harsh sanction, its use should be limited, and the Court must warn plaintiff's counsel before employing it. *Spain v. Bd. of Educ.*, 214 F.3d 925, 930 (7th Cir. 2000); *Ladien*, 128 F.3d at 1057 (citing *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994)); *Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993). The power to sanction through dismissal is "essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland*, 811 F.2d at 1177–78 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)).

This case calls for the sanction of dismissal under both Rules 37(b)(2) and 41(b).

Although none of Bell's missteps alone warrants dismissal, Bell's continued failure to comply with Regis's discovery requests and this Court's orders shows willfulness and bad faith and displays a consistent pattern of delay. Bell has repeatedly disregarded both communications from Regis's counsel and orders of the Court. And as required by *Spain* and *Ball*, the Court explicitly warned Bell of the danger of dismissal at the July 10, 2009, telephonic status conference.

Moreover, this case resembles others in which the ultimate sanction was imposed. In *Roland*, the Seventh Circuit affirmed the dismissal of the plaintiff's case under Rules 37(b)(2) and 41(b). 811 F.2d at 1176. The *Roland* plaintiff failed for nine months to respond to the defendant's discovery requests despite a court order requiring responses. *Id.* When the plaintiff did provide responses, they were "incomplete and improper." *Id.* The plaintiff then disobeyed the court's order to submit complete responses. *Id.* The plaintiff also failed to obtain local counsel as ordered twice by the court. *Id.*

Similarly, Bell disregarded the deadlines established by both the CMP and the Court's July 16 order and has submitted incomplete initial disclosures and an unsupported settlement demand. Bell's failure to respond to Regis's motion to dismiss further demonstrates her neglect of this action. Bell's inaction brings to mind Chief Judge Hamilton's opinion in *Johnson-Hill v. Eli Lilly*, No. 1:04-cv-1277-DFH-TAB (S.D. Ind. Nov. 16, 2005): "[t]he court has a full docket of cases brought by parties who care enough to pursue them, and the court need not waste further time on this one." Dismissal under Rules 37(b)(2) and 41(b) is therefore appropriate.

**IV.     Conclusion**

Dismissal is the appropriate sanction for Bell's failure to participate in her own lawsuit. The Magistrate Judge recommends that the Court grant the Defendant's motion to dismiss Plaintiff's complaint with prejudice.  [Docket No. 37.]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated:  09/21/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Daniel J. Fazio
SEYFARTH SHAW LLP
dfazio@seyfarth.com

Ellen E. McLaughlin
SEYFARTH SHAW
emclaughlin@seyfarth.com

Michael Rabinowitch
WOODEN & MCLAUGHLIN LLP
mrabinowitch@woodmclaw.com

CAROLYN SUE BELL
2415 Dr. Andrew J Brown
Indianapolis, IN 46205